**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**KARL WEISER,**

        **Plaintiff,**

-vs-                                    **Case No. 6:05-cv-325-JA-DAB**

**TRAPPER JOHN ANIMAL CONTROL,**
**INC. and ROBERT DONOFRIO,**

        **Defendants.**

_____

## ORDER

Plaintiff (Mr. Weiser) filed a lawsuit against his former employer, Trapper John Animal Control, Inc. ("Trapper John"),[1] claiming violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., and breach of an express employment contract. Trapper John subsequently filed three counterclaims against Mr. Weiser. This case is currently before the Court on the two-pronged motion of Mr. Weiser to dismiss Trapper John's counterclaims. (Doc. 36). Trapper John has filed a response in opposition to Mr. Weiser's Motion to Dismiss. (Doc. 38). Based on the following analysis, the Motion to Dismiss must be granted in part and denied in part.

### I. Background

Trapper John employed Mr. Weiser to perform animal trapping and attic restoration jobs in central Florida. (Doc. 33 at 8). The parties agree that Trapper John paid Mr. Weiser

---

[1] Mr. Weiser also named Robert Donofrio, an officer of Trapper John, as a defendant in this action. Mr. Donofrio did not join in the counterclaims currently before the Court.

a commission for his labor. (Doc. 33 at 2). According to Trapper John, it would negotiate contracts with individual customers, and Mr. Weiser would receive a percentage of the contract price as compensation for his services. (Doc. 33 at 8).

In his First Amended Complaint, Mr. Weiser alleges that the defendants violated the FLSA because they failed to pay him overtime for "numerous weeks" and did not pay him at all for the week of November 23, 2004. (Doc. 32 ¶¶ 12, 14). The defendants deny these allegations. (Doc. 33 at 2). Mr. Weiser also claims that defendant Trapper John breached an express employment contract because it failed to pay him a commission for every animal he "trapped". (Doc. 32 ¶ 17). Trapper John denies this allegation. (Doc. 33 at 2).

Trapper John advances three counterclaims against Mr. Weiser. In Count I, Trapper John claims that Mr. Weiser misrepresented the amount of work he completed, which caused Trapper John to pay him commissions he did not earn. (Doc. 33 at 8, 9). In Count II, Trapper John claims that Mr. Weiser promised to reimburse Trapper John for the expense of hiring an independent subcontractor, but failed to do so. (Doc. 33 at 9-11). In Count III, Trapper John claims that it issued a loan to Mr. Weiser which has not been repaid. (Doc. 33 at 11). According to Trapper John, it would have been authorized to deduct the amount owed from Mr. Weiser's income, but he did not earn commissions sufficient to meet the obligation. (Doc. 33 at 11).

Mr. Weiser filed a Motion to Dismiss Trapper John's Counterclaims "pursuant to Rules 12(b)(6) and 13(b) of the Federal Rules of Civil Procedure." (Doc. 36 at 1). Trapper John opposes the motion. (Doc. 38).

## II. Legal Discussion

### A. Rule 13 and Subject Matter Jurisdiction

Mr. Weiser argues for dismissal of Trapper John's counterclaims because they are permissive under Federal Rule of Civil Procedure 13(b) and lack an independent basis for subject matter jurisdiction. Trapper John argues that the counterclaims are compulsory because each claim arises from the same "transaction or occurrence" as Mr. Weiser's claims. Further, Trapper John asserts that supplemental jurisdiction exists to hear and decide the counterclaims.

A compulsory counterclaim arises from the same "transaction or occurrence" giving rise to the plaintiff's claims. Fed. R. Civ. P. 13(a). If a counterclaim is compulsory, it generally must be brought in the instant action or it will be forever barred. Baker v. Gold Seal Liquors, Inc., 417 U.S. 467, 469 n.1 (1974). Consistent with the liberal joinder of claims rules in federal courts, nothing more than a "logical relationship" must be established to render a counterclaim compulsory. See Republic Health Corp. v. Lifemark Hosps. of Florida, Inc., 755 F.2d 1453, 1455 (11th Cir. 1985).

With regard to Trapper John's counterclaims, Count III does not arise from the same "transaction or occurrence" as any of Mr. Weiser's claims. In Count III, Trapper John claims Mr. Weiser failed to fully repay an obligation that was due and owing. Notwithstanding Trapper John's allegation that it would have been authorized to collect on the debt from commissions Mr. Weiser might have earned in the future, there is no "logical relationship" between Trapper John's claim and Mr. Weiser's claims. Mr. Weiser's obligation to pay would

have derived from the lender-borrower relationship between the parties, rather than the employer-employee relationship. Accordingly, Count III is a permissive counterclaim.

Further, there is no basis for federal subject matter jurisdiction over Count III. To be joined in a federal action, a state law claim must "form part of the same case or controversy" as the claim over which the federal court has original jurisdiction. 28 U.S.C. § 1367(a). The employment relationship between the parties is a sufficient basis for the exercise of supplemental jurisdiction, and only Counts I and II derive from the fact that Trapper John employed Mr. Weiser. Because Count III does not derive from the employment relationship between the parties, it must be dismissed.

### B. Rule 12(b)(6)

A motion to dismiss a counterclaim under Rule 12(b)(6) of the Federal Rules of Civil Procedure is analyzed in the same manner as a motion to dismiss a complaint. Whitney Information Network, Inc. v. Gagnon, 353 F.Supp. 2d 1208, 1210 (M.D. Fla. 2005). A motion to dismiss for failure to state a claim should not be granted "unless it appears beyond doubt that the [non-moving party] can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Accordingly, "the movant sustains a very high burden." Jackam v. Hospital Corp. of America Mideast, Ltd., 800 F.2d 1577, 1579 (11th Cir. 1986). Rule 12(b)(6) must be read in conjunction with Federal Rule of Civil Procedure 8(a), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Brooks v. Blue Cross & Blue Shield of Florida, Inc., 116 F.3d 1364, 1368 (11th Cir. 1997).

Mr. Weiser argues that dismissal pursuant to Rule 12(b)(6) is appropriate because no cognizable legal theory supports the counterclaims. Trapper John, however, has met the minimal standards for pleading a claim in federal court. Accordingly, the Rule 12(b)(6) motion to dismiss is denied.

### III. Conclusion

For the reasons set forth above, it is **ORDERED** that the Motion to Dismiss Trapper John's Counterclaims (Doc. 36) is **DENIED** as to counts I and II, and **GRANTED** as to count III.

**DONE** and **ORDERED** in Chambers, Orlando, Florida this 21st day of July, 2005.

_____
JOHN ANTOON II
United States District Judge

Copies furnished to:

Counsel of Record